IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA E. WHITLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-1188-MHT |
| | ) |
| LEKISHA PRESLEY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

The complaint filed in this case is rambling and unintelligible. Specifically, the plaintiff fails to identify factual allegations material to any constitutional violation committed by the defendant. "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "[D]istrict Courts confronted by such complaints have the inherent authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)." *Magluta*, 256 F.3d at 1284 n.3. Under these circumstances, a "district court should enter an order striking the deficient complaint and requir[ing] a repleading of all claims in a complaint that respects the requirements of Rule 8 and the heightened pleading requirement for [such] cases." *Id*. at 1285. In light of the foregoing, the court deems it appropriate to require the plaintiff to replead the claims presented in the instant cause of action. Accordingly, it is

ORDERED that the complaint filed by the plaintiff on December 14, 2005 be stricken from the file in this case and returned to the plaintiff. It is further

ORDERED that on or before January 24, 2006 the plaintiff shall file a complaint which:

1. Lists her claims for relief in separate and intelligible counts.

2. Asserts with clarity factual allegations that are material to the specific count.

3. Describes how defendant Presley violated her constitutional rights.

4. Advises the court of her relationship with defendant Presley.

In responding to this order, the plaintiff shall separately list each of her claims for relief and designate exactly how the defendant is responsible for the alleged constitutional violation. The plaintiff should set forth short and plain statements showing why she is entitled to relief. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. **The plaintiff is hereby advised that this case will proceed only on those claims presented and against the defendants named and the claims presented in the complaint filed in response to this order**.

The plaintiff is **cautioned** that failure to respond to this order will result in a recommendation that this case be dismissed.

Done this 10th day of January, 2006.

                            /s/Charles S. Coody
                            CHARLES S. COODY
                            CHIEF UNITED STATES MAGISTRATE JUDGE