IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA ELAINE WHITLOW, )<br>)<br>    Plaintiff, )<br>)<br>v.    )<br>)<br>)<br>LEKISHA PRESLEY, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 3:05-CV-1188-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 14, 2005, Sonja Elaine Whitlow ["Whitlow"], a former city inmate, filed a 42 U.S.C. § 1983 action. In light of the rambling and unintelligible allegations contained in this pleading, the court entered an order striking the deficient complaint and requiring that Whitlow replead her claims in a complaint which complied with the requirements of Rule 8, *Federal Rules of Civil Procedure. See Order of January 10, 2006 - Court Doc. No. 4*. The court specifically cautioned Whitlow that her failure to file a complaint in response "to this order will result in a recommendation that this case be dismissed." *Id*. at 2. The time allowed Whitlow for filing a complaint in compliance with the aforementioned order expired on January 24, 2006. As of the present date, Whitlow has failed to file the requisite complaint. The court therefore concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this

court and her failure to properly prosecute this action. It is further

ORDERED that on or before February 13, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of January, 2006.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE